UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. LACEY,

      Plaintiff,

v.                                          Case No. 12-13039
                                            Honorable Patrick J. Duggan

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant.

_____/

## OPINION AND ORDER

      Plaintiff applied for social security benefits on June 14, 2008, alleging that she became disabled on March 1, 2002. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Richard P. Gartner ("ALJ") conducted a *de novo* hearing on October 14, 2010. The ALJ issued a decision on October 28, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

      Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub. On August 5, 2013, Magistrate

Judge Majzoub filed her Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion. At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on August 19, 2013.

## Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence

exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*. Moreover, only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982) ("the district court need not provide de novo review where the objections are "[f]rivolous, conclusive or general.")). "The parties have the duty to pinpoint those portions of the magistrate[ judge']s report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted).

## Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her

decision and does not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 1, 2002. (A.R. 17.)

[2] The ALJ concluded that Plaintiff has the following severe impairments: major depression, panic disorder with agoraphopia, anxiety, hypertension, lumbar spine arthritis, hyperlipidemia, and left knee osteoarthritis with meniscus tear. (A.R. 17.)

Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]

---

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (A.R. 17.)

[4] The ALJ found that Plaintiff would have the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except: the claimant is limited to [occasional] postural maneuvers, such as balancing, stooping, kneeling, crouching, crawling, or climbing ramps or stairs; must avoid climbing ladders, ropes, or scaffolds; limited to occasional pushing or pulling with the lower left or right extremities, to include the operation of foot pedals; limited to occupations that do not require exposure to dangerous machinery or unprotected heights; limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes; limited to occasional interaction with supervisors or co-workers; and must avoid all interaction with the general public. (A.R. 18.) The ALJ concluded that Plaintiff could not perform her past work with these limitations. (*Id*. 22.)

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform based on her exertional and non-exertional limitations. (A.R. 22-23.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id*. 23.) Magistrate Judge Majzoub found substantial evidence in the record to support this finding. (*See* ECF No. 20.)

*Id.*

Plaintiff raises two general arguments in support of her objections. First, she claims that the ALJ failed to give proper weight to the opinions of her treating physician, Dr. Soon Choi, and counselor, Nancy Armbruster. Second, Plaintiff asserts that the ALJ erred in finding Plaintiff not credible and failed to properly assess Plaintiff's subjective complaints of pain.

Objection #1:

Plaintiff asserts that the ALJ and Magistrate Judge Majzoub failed to give proper weight to the opinions of Plaintiff's treating physician and counselor. Specifically, Plaintiff argues that the ALJ only "blankly" mentioned some of Dr. Choi's findings and failed to incorporate them into the RFC. She also contends that the ALJ failed to consider Ms. Armbruster's opinion. Plaintiff charges the ALJ with engaging "in improper 'picking and cho[o]sing' of the medical records in order to gather supporting evidence for his ultimate decision." (Obj. at 2.)

The evidence from Ms. Armbruster was submitted only after the ALJ issued his decision. Judicial review of the Commissioner's final decision is based only on the evidence of record compiled by the Agency and before the ALJ *at the time of his decision*. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *see also Cline v. Comm'r of Social Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (explaining that "where

the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision."). Plaintiff does not argue that the evidence from Ms. Armbruster constitutes new and material evidence or that she has good cause for not incorporating that evidence into the record during the administrative process. *See Cline*, 96 F.3d at 148 ("The district court can . . . remand the case for further administrative proceedings in light of the evidence, *if* a claimant shows that the evidence is new and material, *and* that there was good cause for not presenting it in the prior proceeding.") (emphasis added). Thus Plaintiff's objections concerning the ALJ's failure to consider Ms. Armbruster's opinion lack merit.

The Court finds no error in the ALJ's or Magistrate Judge Majzoub's analysis of Dr. Choi's opinion. Plaintiff focuses on Dr. Choi's August 2010 opinion concerning the effect of her anxiety and panic attacks on her ability to work. The ALJ acknowledged this finding by Dr. Choi; however, he gave it little weight finding "it is inconsistent with [Dr. Choi's] medical notes and the years of treatment records regarding the claimant's condition." (A.R. 21.) This Court finds substantial support in the record for this finding, both in Dr. Choi's records and the records of other treating providers. The ALJ was not displacing the finding of Dr.

Choi with his own judgment, but was considering Dr. Choi's opinion in light of all the medical evidence submitted.

The Court therefore rejects Plaintiff's first objection to the R&R.

Objection #2:

Plaintiff contends that substantial evidence is lacking to support the ALJ's and Magistrate Judge Majzoub's credibility finding, which led them to disregard of Plaintiff's subjective complaints of pain. According to Plaintiff, medical evidence confirmed the severity of the pain she claimed. Further, Plaintiff contends that the ALJ erred in concluding that her daily activities were not consistent with someone who is disabled.

The Court finds substantial evidence in the record to support the ALJ's finding that recent evaluations of Plaintiff do not support limitations related to her leg pain greater than provided in his RFC assessment. In October 2008, an orthopedic doctor reported that Plaintiff's left knee symptoms were significantly improving and operative intervention was not necessary. (A.R. 302.) As to her right knee, the same doctor simply sent Plaintiff for physical therapy. (*Id.*) Dr. Choi's August 2010 assessment reflects no functional limitations related to Plaintiff's physical pain. (A.R. 244-46.) A February 2005 MRI revealed some "very mild osteoarthritic changes" and the notes prior to her September 2008 MRI

-8-

state that Plaintiff "has had significant knee pain on the left side over the past month." (A.R. 206, 300.) However, on examination, the orthopedic doctor noted in September 2008 that Plaintiff's findings were "not overly impressive" and a month later, the same doctor noted that her symptoms were "significantly improving." (A.R. at 300, 302.)

The ALJ reasonably considered Plaintiff's stated activities of daily living in evaluating her credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). Contrary to Plaintiff's objection, the ALJ did not conclude that she could engage in gainful work simply because she engaged in these reported daily activities. Rather, the ALJ considered Plaintiff's reported daily activities in evaluating her credibility and, along with the entire record, her RFC.

For these reasons, the Court rejects Plaintiff's second objection to the R&R.

## Summary

For the reasons set forth above and in Magistrate Judge Majzoub's R&R, the Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's impairments. The Court therefore adopts Magistrate Judge Majzoub's recommendation to deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner finding that Plaintiff is not disabled

within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

Dated: August 29, 2013

                                   s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Kelie C. Schneider, Esq.
Randall E. Phillips, Esq.
Frederick J. Daley, Jr., Esq.
Niranjan Emani, Esq.
AUSA Theresa Urbanic
Magistrate Judge Mona K. Majzoub